By the Court, Marvin, J.:
No error was committed by the court in excluding the fact offered to be proved by Davis. According to The People v. Genung (11 Wend., *252 20), it would not have been error to exclude the answers to the questions put to Graham, the prosecutor. But as Graham answered the questions, no one interposing any objections, it is claimed that it was erroneous to exclude evidence to contradict him, and The People v. Austin (4 Parker's Cr. R., 158) is cited to support this position. This case is the report of a trial at the Oyer and Terminer for murder, and the questions raised during the trial were disposed of as they arose, after discussion by counsel. John Shea, the father of the deceased, was examined as a witness by the prosecution, and on cross-examination was asked if he had not offered to the prisoner, or some of his friends, to leave the State and refuse to testify in the case for a suitable remuneration. ' The answer was,- “Not exactly that, but —.” Here he was stopped by the prisoner’s counsel. On re-examination he was asked what he had said in that regard, and the prisoner’s counsel objected; but the court, Edmonds, J., said that the whole answer should be got out. The witness then detailed two interviews with one who acted as an agent of the prisoner in conducting his defense, in which, as he alleged,' an offer had been made to him of some money if he would remove from the State. After the defense was entered upon, counsel offered to prove several acts of the witness, Shea, going to show a desire to obtain from the prisoner pecuniary satisfaction for the injury which he had received from the death of his son, and what had taken place between him and the prisoner’s agent in that respect. This was objected to. The court referred to the The People v. Genung (supra), and remarked that, “ as evidence, independent of what the witness had testified on the subject, the testimony would not be proper. But when offered to contradict his testimony, it has a different effect—that the question put on cross-examination might have been objected to, and perhaps excluded. But it was asked and answered without objection, and the inquiry was fully gone into on *253 both sides in order to ascertain the feelings with which he testified. That surely cannot be called collateral, for any inquiry which is allowed, having that object in view, is pertinent and relevant to the main issue. In regard to such matters, it is always open to contradict what the witness himself has said on the subject. With that view, and to that extent, the inquiry will now be allowed.” Here we have the grounds of the decision. The rule which the court intended to apply is distinctly referred to, viz: to ascertain the feelings with which the witness had testified. The witness had been examined by both sides, “in order to ascertain the feelings with which he testified.”
Whether this rule was properly applied in the case is not now material. Such rule exists.
It is a rule that a witness is not to be cross-examined as to any distinct collateral fact, for the purpose of after-wards inpeaching his testimony, by contradicting, him—the reason is that this would render an inquiry, which ought to be simple and confined to the matter in issue, intolerably complicated and prolix, and would cause it to branch out into an indefinite number of collateral issues. Spencely v. Willett (7 East, 108) is a leading case, to which the authors on evidence generally refer. . It is also a rule, well established, that if such questions are answered, i. e., involving facts collateral to the issue, evidence cannot afterwards be given for the purpose of contradiction.
Of course these rules do not exclude testimony contradicting the witness as to facts immediately connected with the subject of inquiry; and a witness may be. asked whether, in consequence of his having been charged with robbing the prisoner, he has not said that he would be revenged upon him, and if he denies that he has said so, he may be contradicted. (2 Camp. R., 638.) Such inquiry is not regarded as collateral, but as important, in order to show the motive and temper of the witness in the particular transaction. (See 1 Stark. Ev., part 2, p. 134, §§ 22 *254 and 28. where these rules are stated, and the authorities in support of them are referred to. See also 1 Green. Ev., §§ 447 to 450, inclusive; Plato v. Reynolds, 27 N. Y. R., 584; and The President, &c. of G. Western T. R. Co. v. Loomis, 32 N. Y. R., 127.) Though these cases in the Court of Appeals are not precisely in point, they contain, especially the latter, very instructive opinions. We decided a case in this district at the May term,1866, Eliza Bryan, Plaintiff in Error, v. The People. In that case, one Sarah Brockway was a witness on the part of the people. She was asked, on cross-examination, whether she told one Pritchard that she came from Canada (to Lockport) as a witness against Mrs. Bryan; that old Bryan (the husband of Mrs. B.) said, “ I was a damned whore, and I am going to have satisfaction for that.” The answer to this question was excluded by the court, and the prisoner’s counsel excepted. We reversed the judgment and granted a new trial upon the ground that the feelings of the witness and the motives and temper governing or influencing him, in the particular matter or transaction, are the proper subjects of inquiry, and are not regarded as collateral.
The case under consideration does not come within the rule touching hostility or a feeling of revenge toward the party against whom the witness testifies. Whether the witness had offered to withhold evidence if the prisoner would refund to him a part of the money he had lost, or not, would have no tendency to prove or disprove the issue then being tried, nor the state of feeling by the witness toward the prisoner. According to The People v. Gunning, the answers to the questions put to Graham might have been excluded. The answers were given, and as the matter to which they related was entirely collateral, no testimony to contradict the answers was admissible, or' rather, it was not the prisoner’s right to give evidence to contradict the witness. The judgment should be affirmed.
Judgment affirmed.